**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHNATHAN MCFARLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-1687-CMS |
| | ) | |
| HON. JOHN F. NEWSHAM, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of self-represented plaintiff Johnathan McFarland for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion, the Court finds the motion should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing the complaint of a self-represented plaintiff under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even complaints of self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording the complaint of a self-represented plaintiff the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff Johnathan McFarland, a self-represented litigant, initiated this action under 42 U.S.C. § 1983 against the Honorable John F. Newsham, a Missouri state court judge, in his official capacity. ECF No. 1. Plaintiff seeks declaratory and injunctive relief, alleging Judge Newsham has failed to provide an adequate hearing in Plaintiff's child custody and support case. *Id*. at 1. Plaintiff alleges violations of the Fourteenth Amendment, First Amendment, and

Missouri law. *Id*. Plaintiff alleges that he has been denied access to his children through the state court proceedings before Judge Newsham. *Id*. at 2. He also complains that he is compelled to pay child support, even though he cannot have contact with his children. *Id*.

## Discussion

Having carefully reviewed Plaintiff's complaint, the Court finds the allegations brought against Defendant are subject to dismissal for the reasons discussed below.

### 1. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *McAdams v. McCord*, 533 F.3d 924, 927 (8th Cir. 2008). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases."). The issue of the existence of jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

In general, federal courts have no jurisdiction over domestic relations matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Rather, state courts have exclusive jurisdiction over these matters. *Id.* at 703-04. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890); *see also Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception … divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.") (internal citations omitted); *Firestone v. Cleveland Tr. Co.*, 654 F.2d 1212, 1215 (6th

3

Cir. 1981) ("Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court.").

Here, although Plaintiff drafted his complaint to allege federal civil rights violations, his claims are "inextricably intertwined" with state court determinations of custody rights concerning his minor children. *Id.* Plaintiff's framing his concerns as civil rights violations does not change the fact that Plaintiff is asking this Court to order a state court judge to "enjoin Defendant from enforcing child support obligations…" and order a new hearing in his child custody case. ECF No. 1 at 6. "The family law exception to federal jurisdiction applies even when a party is alleging a violation of federal law," and federal "[c]ourts may not resolve child custody questions . . . even if there is an allegation of a constitutional violation." *Frawley v. Schutt*, 2021 WL 5415326 at *6 (E.D. Mo. Feb. 19, 2021)(quoting *Quinn v. Kibodeaux*, 2020 WL 6701457 at *1 (D. Idaho Nov. 13, 2020)). Because Plaintiffs' claims are "inextricably intertwined" with the underlying state family law action, the Court will abstain from exercising jurisdiction over his claims.

The federal district court also lacks subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996). Federal review of state court decisions may be had only in the United States Supreme Court. *Id.* Any review of a state court decision by this Court would most likely violate the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Plaintiff's claims here apparently can only succeed if this Court decides that a state-court decision regarding his minor children

was wrongly decided. Accordingly, Plaintiff's claims are inextricably intertwined with the state court judgment and this Court lacks jurisdiction to review them under the *Rooker-Feldman* doctrine. *See Postma*, 74 F.3d at 162.

### 2. Judicial Immunity

The sole defendant in this case is a state court judge sued in his official capacity. Judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). A judge acts in his judicial capacity when he exercises control over his courtroom. *See Sheppard v. Maxwell*, 384 U.S. 333, 358 (1966) (observing "the courtroom and courthouse premises are subject to the control of the court"). Plaintiff's allegations do not show that Defendant acted outside of his jurisdiction, and Defendant is therefore entitled to absolute immunity.

### Conclusion

For all the aforementioned reasons, dismissal is appropriate here. All other motions before the Court will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for emergency injunctive relief [ECF No. 3] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

5

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of March, 2026.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE