**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHNATHAN MCFARLAND | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-1687-CMS |
| | ) | |
| HON. JOHN F. NEWSHAM, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This closed case is before the Court on self-represented Plaintiff Johnathan McFarland's motion for reconsideration, amended motion for reconsideration, and emergency petition for immediate federal review and protective relief. ECF Nos. 17, 18, 23. Plaintiff files his motions for reconsideration under Federal Rule of Civil Procedure 59(e). For the reasons set forth below, the Court will deny the motions.

Plaintiff filed this action on November 12, 2025, alleging that the Honorable John F. Newsham, a Missouri state court judge, failed to provide an adequate hearing in Plaintiff's child custody and support case. ECF No. 1. The sole defendant identified in the complaint was Judge Newsham in his official capacity. *Id*. On March 4, 2026, the Court dismissed this action for lack of subject matter jurisdiction and failure to state a claim. ECF No. 13. Specifically, the Court found Plaintiff failed to assert a federal claim that the Court had jurisdiction to review and failed to name a defendant who was subject to liability under § 1983. *Id*.

In the motions for reconsideration now before the Court, Plaintiff states that he submitted additional documentation post-dismissal that included factual allegations establishing federal claims that were independent of the state child custody proceedings. ECF No. 18 at 2. He says he

filed documentation supporting claims of "intellectual property theft, denial of access to courts, and constitutional violations by state actors." *Id*. Addressing the issue of the defendant being immune to liability, Plaintiff states that the Court "materially altered the structure of the case" by "collaps[ing] all defendants into a single party…" *Id*.

First, Plaintiff cannot cure defects in the complaint through numerous supplements and letters filed with the Court. The complaint is the document the Court reviews to determine if a plaintiff has stated a claim for relief and established subject matter jurisdiction. Plaintiff has filed more than a dozen supplements and letters with the Court.[1] The Court cannot and will not comb through hundreds of pages of supplements and letters to discern a possible cause of action that is not stated in the complaint itself.

Second, Plaintiff's assurances that he has established federal claims independent of the state custody proceedings are incorrect. Plaintiff's filings repeatedly state the harm he perceives from the state court's child custody decision, which does not grant Plaintiff custody. *See e.g.* ECF No. 10 at 4. He specifically asks this court to grant "a brief, supervised opportunity to see my children." *Id*. Plaintiff presents dozens of pages of transcriptions describing videos that he has taken of his children, which he claims show emotional distress and the children's deteriorating relationship with Plaintiff. ECF No. 20 at 11-56. Plaintiff may believe that his relationship with his children is damaged by the custody arrangement, but this does not amount to a constitutional claim. Even if Plaintiff has a claim that is separate from the child custody

---

[1] Plaintiff has filed 15 letters and supplements in this case, several of which are inexplicable. For example, Plaintiff filed a letter about an Uber driver that drove Plaintiff home after a medical procedure. ECF No. 22. Plaintiff voiced his concern that the Uber driver did not answer his phone when Plaintiff called him. *Id*.

case, which the Court is not convinced of, his claims are still inextricably intertwined with the child custody case.

Finally, even if the Court found that Plaintiff had established a federal claim independent of the state custody case, the sole defendant in the case is still immune from liability. Plaintiff tries to claim that this Court improperly combined several different defendants. Plaintiff is mistaken. The complaint reviewed by this Court identifies only one defendant. ECF No. 1. Plaintiff says his original filing contained 12 defendants. ECF No. 18 at 2. Plaintiff seems to be referring to a case he filed nearly five years ago, which was dismissed for similar reasons to the instant case. *See* Case No. 4:21-cv-00554-CDP. This previously dismissed case is immaterial to the case at hand and certainly cannot save Plaintiff from his failure to name a defendant that is subject to liability under § 1983. There has only ever been one named defendant in the instant case, and that defendant is immune from liability under § 1983.

Relief under Federal Rule of Civil Procedure 59(e) is available only when the Court has committed an error which affects the "correctness of the judgment." *Norman v. Arkansas Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (internal citations omitted). Because Plaintiff has not shown any substantive judicial errors or mistakes, relief under Rule 59(e) is unavailable. Because this case has been dismissed, and the Court does not have jurisdiction, this Court has no authority to provide any relief to Plaintiff. All other pending motions will be denied. In addition to his motions for reconsideration, Plaintiff has filed seven motions, letters, and supplements in this case post-dismissal. These filings are frivolous and repetitive. Therefore, the Clerk of Court will be directed not to docket any more filings from Plaintiff in this closed case.

Accordingly,

3

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration (ECF No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's amended motion for reconsideration (ECF No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's emergency petition for immediate federal review and protective relief (ECF No. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that if Plaintiff submits any additional documents in this closed civil case, the Clerk of Court shall return them to Plaintiff unfiled.

Dated this 23rd day of April, 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE